```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:                        :
                              :
     TELIGENT, INC.,           :      Chapter 11
                              :      Case No. 01-12974(SMB)
          Reorganized Debtor. :
------------------------------X
SAVAGE & ASSOCIATES, P.C.,    :
as Unsecured Claims Estate    :
Representative of TELIGENT,   :
INC.,                         :
          Plaintiff,          :      Adv. Proc. No. 03-2523
                              :
     -against-                :
                              :
ALEX MANDL,                   :
                              :
          Defendant.          :
------------------------------X
```

**OPINION AND ORDER GRANTING LIMITED REARGUMENT
AND ADHERING TO ORIGINAL DECISION**

**A P P E A R A N C E S:**

SAVAGE & ASSOCIATES, P.C.
Attorneys for Plaintiff
56 Lafayette Avenue
White Plains, New York 10603

    Denise L. Savage, Esq.
    Michael K. Gertzer, Esq.
        Of Counsel


KIRKPATRICK & LOCKHART LLP
Attorneys for Defendant
599 Lexington Avenue
New York, New York 10022

    Robert N. Michaelson, Esq.
    Judith Sturtz Karp, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

Pursuant to the Court's Memorandum Decision and Order Regarding Motion and Cross-Motion for Partial Summary Judgment (the "Decision"), (see <u>Savage & Assocs., P.C. v. Alex Mandl</u>, A.P. No. 03-2523, slip op. (Bankr. S.D.N.Y. April 7, 2005)(ECF Doc. # 55)), the Court denied defendant Alex Mandl's motion for summary judgment and granted the plaintiff's cross-motion for summary judgment to the extent of deciding that a release granted to Mandl in the parties' Settlement Agreement effected a "transfer" of Teligent's property.  The plaintiff has moved for reconsideration.  (<u>See</u> <u>Unsecured Claims Estate Representative's Motion for Reconsideration and Clarification of this Court's Order Entered April 8, 2005 Denying the Representative's Cross-Motion for Partial Summary Judgment in Part</u>, dated April 18, 2005 ("<u>Reconsideration Motion</u>") (ECF Doc. # 56).)[1]  For the reasons that follow, the Court grants reconsideration for the limited purpose of reconsidering the Representative's rights under 11 U.S.C. § 542.  Upon reconsideration, the Court adheres to the Decision.

---

[1] The motion is filed in the adversary proceeding rather than the case.

**DISCUSSION**

**A.    Standards Governing the Motion**

Motions for reargument or reconsideration are governed by Local Bankruptcy Rule 9023-1(a), BANKR. S.D.N.Y.R. 9023-1(a), which states:

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.  The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." Anglo-American Ins. Group, P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)(quoting Morser v. AT & T Information Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); accord Banco de Seguros Del Estado v. Mutual Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); Farkas v. Ellis, 783 F. Supp. 830, 832-33 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir. 1992).  "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Griffin

Indus., 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); accord Banco de Seguros Del Estado, 230 F. Supp. 2d at 428.

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. Griffin Indus., 72 F. Supp. 2d at 368; Monaghan v. SZS 33 Assocs. L.P., 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832. In addition, the parties cannot advance new facts or arguments; a motion for reargument is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)(discussing Rule 59); accord Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d at 368 (discussing motions for reargument).

**B.    The Plaintiff's Motion**

Unfortunately, the plaintiff's thirty-five page Reconsideration Motion does not bear the hallmark of "conciseness." In the main, it appears to seek a "do over" regarding matters that the Court fully considered and decided, as illustrated by the following headings used in the Reconsideration Motion: "The Court

4

"Arrived At Erroneous Factual Conclusions,"[2] (Reconsideration Motion, at p. 12), "The Court Erroneously Rendered Certain Conclusions of Law," (id., at p. 14), "The Court Erroneously Considered A Defense Deemed Conceded By The Defendants," (id., at p. 15), "The Court Improperly Raised Arguments Sua Sponte," (id., at p. 17), "The Parol Evidence Rule Should Not Have Been Applied And The Plaintiff Should Be Permitted To Introduce Parol Evidence" (id., at p. 19), and "The Court Erroneously Misconstrued The Employment Contract." (Id., at p. 26.) In short, the plaintiff disagrees with the Decision. While her arguments may be fodder for an appeal, they have no place in a motion for reconsideration.

The Reconsideration Motion also argues that the Court never addressed the argument that the plaintiff has standing under 11 U.S.C. § 542. The plaintiff's statement is incorrect, but it is appropriate to amplify the brief discussion in the Decision regarding this point.

---

[2] The Reconsideration Motion quotes a paragraph taken from page fifteen of the Decision that begins with the sentence "[t]he evidence thus far raises significant disputed questions of fact regarding Teligent's right to collect the loan prior to the Separation Agreement." (Reconsideration Motion, at ¶ 13, at pp. 5-6.) The quoted portion of the Decision then suggested several possibilities regarding what the facts may ultimately show. The Representative argues that these are findings of fact that were not supported by the evidence. (Reconsideration Motion, at ¶¶ 14-17, at p. 6-7 and pp. 12-14.) Obviously, these were not findings of fact. The Court was deciding a motion for summary judgment and acknowledged that the evidence on this point disclosed "significant disputed questions of fact."

5

    Section 542 states in pertinent part as follows:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
>
> (b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

The plaintiff argued, in her original cross-motion, that if she avoids the release, she can recover the unpaid Notes under §§ 542 and 550. (See Reconsideration Motion, at pp. 30-31 n.29.) The Decision dismissed the argument stating, in a footnote, that the plaintiff could not avoid the release and prosecute a contract claim to recover on the Notes, because the latter claim vested in Reorganized Teligent. (Decision, at pp. 14-15, n.7.)

    Initially, the plaintiff is correct that Teligent transferred its rights under § 542 to her. Hence, she unquestionably has the right to assert a viable claim under that section. The problem is not her standing, but the viability of the claim.

    Section 542 contains two substantive provisions. Under §

6

542(a), the trustee may compel the turnover of property of the estate that the trustee can use, sell or lease.  Section 542(a) does not provide a basis for relief because the plaintiff has not identified property of the estate that is subject to turnover.  In this regard, property that has been fraudulently or preferentially transferred does not become property of the estate until it has been recovered.  FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 131 (2d Cir. 1992); Savage & Assocs., P.C. v. BLR Servs. SAS (In re Teligent, Inc.), 307 B.R. 744, 751 (Bankr. S.D.N.Y. 2004); 11 U.S.C. § 541(a)(3)(property of the estate includes "[a]ny interest in property that the trustee recovers under section . . . 550 . . . of this title").

Section 542(b) refers to the turnover of debts, and is also inapplicable.  Citing the decisions by bankruptcy courts in other jurisdictions, (see Reconsideration Motion, at pp. 31, n.29 (continued from previous page)), the cross-motion overlooked the well-settled law in this district that § 542(b) cannot be used to recover a disputed pre-petition debt.  E.g., Hirsch v. London S.S. Owners' Mut. Life Ins. Ass'n Ltd. (In re Seatrain Lines, Inc., 198 B.R. 45, 50 n.7 (S.D.N.Y. 1996)("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.") (Sotomayor, J.)(quoting United States v. Inslaw, Inc., 932 F.2d 1467, 1472

(D.C. Cir. 1991), cert. denied, 502 U.S. 1048 (1992)); Weiner's, Inc. v. T.G. & Y. Stores Co., 191 B.R. 30, 32 (S.D.N.Y. 1996) (an action to determine the amount of a claimed debt to the estate that is, as yet, wholly disputed and unliquidated cannot properly be styled an action to 'turnover' estate 'property'"); In re CIS Corp., 172 B.R. 748, 760 (S.D.N.Y. 1994) (the language of § 542(b) creates "a strong textual inference that an action should be regarded as a turnover only when there is no legitimate dispute over what is owed to the debtor"); J. T. Moran Fin. Corp. v. American Consol. Fin. Corp. (In re J. T. Moran Fin. Corp.), 124 B.R. 931, 938 (S.D.N.Y. 1991)("Where, as here, the court must resolve whether or not the debt claimed is due, the action to collect the disputed funds cannot be regarded as a turnover proceeding under the core jurisdiction of the bankruptcy court.")(report and recommendation of Schwartzberg, B.J.).

The reason for the distinction is more than semantic. A proceeding under § 542(b) is a core proceeding, see 28 U.S.C. § 157(b)(2)(C), and the Court may hear and determine the dispute. 28 U.S.C. § 157(a). The use of § 542(b) to transform a garden-variety pre-petition common law cause of action into a core proceeding would eviscerate the Supreme Court's holding in Northern Pipeline Contr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), and permit the bankruptcy court to exercise the type of judicial power

8

reserved for an Article III court.  In re Shea & Gould, 198 B.R. 861, 865-68 (Bankr. S.D.N.Y. 1996) (discussing holding of Marathon as it relates to the core jurisdiction of the bankruptcy court in a turnover proceeding under § 542(b)); see Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993)(treating an action to collect a disputed pre-petition account receivable as "core" "creates an exception to Marathon that would swallow the rule").

Here, the plaintiff's right to collect the Notes, or their value, is disputed by Mandl.  The dispute is a substantial one in light of provisions of the Settlement Agreement.  Accordingly, a suit on the Notes could not be brought under § 542(b), and would have to proceed as a common law collection claim.  The right to bring a common law action based on the Notes vested in Reorganized Teligent.

Furthermore, plaintiff cannot strip the defense of release through a fraudulent transfer action, and then prosecute the collection action as a turnover claim under § 542(b).  As noted in the Decision, if the plaintiff successfully avoids the release (or any other transfer), her remedies are still limited under § 550 to the value of the transferred property.  The value of an avoided release is an issue that does not have to be addressed at this

time.

Accordingly, the Reconsideration Motion is granted for the limited purpose of further considering the scope of the plaintiff's rights under § 542, and upon reconsideration, the Court adheres to the Decision.

So ordered.

Dated:    New York, New York
          May 25, 2005

                                        /s/ *Stuart M. Bernstein*
                                          STUART M. BERNSTEIN
                            Chief United States Bankruptcy Judge